**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-7880**

───────────

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

     v.

KELVIN ANDRE SPOTTS, a/k/a Shorty,

                  Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:98-cr-00047-1; 3:00-cv-00647)

───────────

Submitted:  April 21, 2015         Decided:  April 30, 2015

───────────

Before GREGORY and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Kelvin Andre Spotts, Appellant Pro Se.  Steven Loew Assistant United States Attorney, Charleston, West Virginia; Richard Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Andre Spotts seeks to appeal the district court's order denying on the merits his Fed. R. Civ. P. 60(b) motion seeking relief from an order denying his 28 U.S.C. § 2255 (2012) motion. Because the Rule 60(b) motion directly attacked Spotts' convictions, the district court was without jurisdiction to consider the motion, which was, in essence, a successive and unauthorized § 2255 motion. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

2

We have independently reviewed the record and conclude that Spotts has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Spotts' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Spotts' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED